Twana ADAMS, et al., Plaintiffs,

v.

**NEW YORK STATE EDUCATION DEPARTMENT, et al.,**
Defendants.

No. 08 Civ. 5996 (VM).

United States District Court, S.D. New York.

Nov. 18, 2010.

Joy Hochstadt, Joy Hochstadt P.C., New York, NY, for Plaintiffs.

Antoinette W. Blanchette, Blanche Jayne Greenfield, New York City Law Department, New York, NY, for Defendants.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Plaintiffs Michael Ebewo, Joanne Hart, Julianne Polito, Thomasina Robinson and Brandi Scheiner (collectively, "Plaintiffs") filed the instant motion seeking recusal of

Magistrate Judge Andrew Peck and District Judge Victor Marrero from presiding over this action.[1] In support they refer to statements made to Nicholas Penkovsky ("Penkovsky"), plaintiffs' current counsel, by an unnamed informant ("Doe") who was involved as a party to a precursor of the instant litigation (*"Teachers 4 Action"*). According to Penkovsky, Doe in turn reported having heard an unnamed attorney ("Unnamed Attorney") representing another party in that case express a personal view that, by reason of Unnamed Attorney's personal relationships with Magistrate Judge Peck and Judge Marrero, as well as unstated facts Unnamed Attorney knew about the judges' personal lives, and because of intense acrimony that existed between Unnamed Attorney and Edward Fagan, the *Teachers 4 Action* plaintiffs' counsel, Magistrate Judge Peck and District Judge Marrero would never allow any lawsuit brought by Fagan to proceed. Plaintiffs cite numerous instances of what they perceive to be erroneous and unfair rulings by Magistrate Judge Peck and what they characterize as acquiescence by this Court.[2]

The Court regards Plaintiffs' motion as a lawyer's version of shift the blame and shoot the messenger. Plaintiffs no doubt have a grievance that the Court senses is deeply and genuinely felt. But they refuse to accept a message repeatedly conveyed them by Magistrate Judge Peck and this

Court from day one until the present. However intensely held may be their conviction that they have been gravely wronged, there are sufficient reasons grounded in law that explain why their claims do not give rise to violations of the Constitution or other federal law. Some of these reasons are of Plaintiffs' own making.

First, Plaintiffs may have been misguided and perhaps prejudiced by the deficient lawyering and excesses committed by the now disbarred attorney who first represented the plaintiffs in *Teachers 4 Action.*

Next, Plaintiffs' inartful attempts to proceed pro se into the subsequent rounds of pleading exceedingly complex constitutional and statutory claims, though understandably woeful on that account, nonetheless were legally defective. Prior to that phase of the litigation, Magistrate Judge Peck provided Plaintiffs with thorough directions explaining the flaws in their pleadings as well as detailed guidance on how to cure them. In preparing their second and third amended complaints. Plaintiffs substantially ignored many of Magistrate Judge Peck's instructions. Finally, represented by new counsel in the most recent round of this litigation, the latest repleading Plaintiffs were permitted in essence does little more than reshuffle and redeal unviable claims previously dismissed, or inject new allegations and po-

1. By Order dated October 14, 2010, Magistrate Judge Peck denied the recusal motion as it pertains to him.

2. Plaintiffs do not mention that after Fagan was disbarred early in these proceedings, the plaintiffs involved in *Teachers 4 Action* then regrouped. Some of the original plaintiffs decided to proceed with their case in this Court pro se, and were twice granted leave to replead by Magistrate Judge Peck. Moreover, although this Court agreed with Magistrate Judge Peck's factual and legal analysis and endorsed his recommendation to dismiss

Plaintiffs' pro se Second Amended Complaint, the Court did not accept Magistrate Judge Peck's recommendation that the dismissal be with prejudice and without leave to replead. Instead, the Court granted Plaintiffs an opportunity to file yet another amended complaint—their fourth—specifically because the restated pleading was to be prepared with assistance of counsel. In other words, but for this Court's fundamental modification of Magistrate Judge Peck's ruling, Plaintiffs' cause would not have survived another day in court to take its current form.

420

lemics into the complaint in an effort to breathe life into causes of action that either were dead on arrival, or had expired by the time counsel arrived to the rescue with a first aid kit. In their recusal motion, Plaintiffs effectively seek to shift focus from the stark and unpleasant reality of the Court's message by challenging the impartiality of the judges whose rulings (again) delivered them bad news.

Plaintiffs, with some justification, take exception to the pungent words that accompanied of some of Magistrate Judge Peck's rulings, to which they point as evidence of bias or other improper hostility to their case that induced the errors of law they ascribe to the Magistrate Judge. But legal reality is no less real because it is spoken with a caustic tongue. Insofar as Magistrate Judge Peck may have injected some sharp points and stinging edges into his rulings in this litigation, this Court is inclined to read his severe language not as undisguised bias, but rather as venting of proportionately mounting frustration over Plaintiffs' repetition of groundless claims, disregard for clear explanations of why the complaint had been dismissed in the first instance, and determination to plow ahead with pleadings that even the passage of time and the aid of counsel failed to improve more than minimally. Under these circumstances, the Court finds no grounds justifying Plaintiffs' motion for recusal.

#### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 262) of Plaintiffs Michael Ebewo, Joanne Hart, Julianne Polito, Thomasina Robinson and Brandi Scheiner (collectively, "Plaintiffs") seeking recusal of Magistrate Judge Andrew Peck and District

Judge Victor Marrero from presiding over this action is DENIED.

**SO ORDERED.**